

Eastern District of Kentucky
FILED
FEB 15 2006
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

CIVIL ACTION NO. 05-185-GWU

RECARTER COCKREL, PLAINTIFF,

VS: MEMORANDUM OPINION

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT,

INTRODUCTION

Recarter Cockrel brought this action to obtain judicial review of an unfavorable administrative decision on his applications for Disability Insurance Benefits and for Supplemental Security Income. The case is before the Court on cross-motions for summary judgment.

APPLICABLE LAW

The Sixth Circuit Court of Appeals has established the following test for judicial analysis of benefit denial cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 416.921.

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of

1

impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix I (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform his kind of past relevant work? If yes, the claimant is not disabled. If no, proceed to step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(l).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1985).

In applying this analysis, it must be remembered that the principles applicable to judicial review of administrative agency action apply. Judicial review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence and in deciding whether the Commissioner employed the proper criteria in reaching his conclusion; the findings as to any fact, if supported by substantial evidence, shall be conclusive. Id. This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion"; it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Id.

One of the factors in the administrative record may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Houston v. Secretary of Health

2

and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).

Additional information regarding the specific steps of the seven-part Garner test cited earlier is also valuable.

In step three of the analysis, the issue is whether the plaintiff has a "severe impairment," defined by the regulations to mean one which significantly limits one's ability to perform basic work activities, which is in turn defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. 404.1521, 416.921. The Sixth Circuit has definitely cautioned against overly-restrictive interpretation of this term. Farris v. Secretary of Health and Human Services, 773 F.2d 85 (6th Cir. 1985). The burden is upon the plaintiff, however, to provide evidence complete and detailed enough to enable the Commissioner to determine that there is such a "severe impairment," Landsaw v. Secretary of Health and Human Services, 803 F.2d 211 (6th Cir. 1986).

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that she or he is unable to return to this work. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways that the Commissioner may meet his burden is through

the use of the medical-vocational guidelines.

However, the medical vocational guidelines themselves may not even be fully applicable if a non-exertional impairment is involved. When this happens, the Commissioner may use the rules as a framework for decision-making. 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e). It may often be required for the agency to consult a vocational specialist in such cases. Damron v. Secretary, 778 F.2d 279 (6th Cir. 1985). Nonetheless, the finding by the Commissioner that a non-exertional impairment does not significantly affect the level of work that a claimant can do must be tantamount to a finding that this additional impairment is non-severe. Wages v. Secretary of Health and Human Services, 755 F.2d 495 (6th Cir. 1985).

One of the residual functional levels used in the guidelines, called "medium" level work, involves lifting no more than fifty pounds at a time with frequent lifting or carrying of objections weighing up to twenty-five pounds; a person capable of this level of exertion is also deemed capable of performing at lesser levels of "light" and "sedentary." 20 C.F.R. 404.1567(c), 416.967(c). "Light" level work, involves the lifting of no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is in this category when it involves a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of work activity, must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b), 416.967(b). A "sedentary" level job encompasses the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a). The guidelines make it clear that disabilities such as postural restrictions or the

4

lack of bilateral manual dexterity compromise a person's ability to do a full range of this type of work; they also indicate that a finding of disabled is not precluded when the person is not able to do a full range of sedentary work, even if that person is a "younger individual." 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e), 201.00(h).

Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a hypothetical question, but only "if the question accurately portrays (plaintiff's) individual physical and mental impairments." Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Cockrel, a 47 year-old former forklift operator, laborer, and coal miner with a high school education, suffered from impairments related to a history of shoulder injury and complaints of back pain. (Tr. 15-16). While the plaintiff was found to be unable to return to his past relevant work, the ALJ determined that he retained the residual functional capacity to perform a restricted range of medium level work. (Tr. 20). Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled. (Tr. 20). The ALJ based this decision, in large part, upon the testimony of a vocational expert. (Tr. 19).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff.

The hypothetical question presented to Vocational Expert Katherine

5

Bradford included such restrictions as (1) an inability to more than occasionally reach overhead; (2) an inability to ever climb ladders, ropes or scaffolds; and (3) an inability to more than occasionally push or pull with the non-dominant right upper extremity. (Tr. 179). In response, the witness identified a significant number of medium, light and sedentary level jobs which could still be performed. (Tr. 179-180). Therefore, assuming that the vocational factors considered by Bradford fairly characterized Cockrel's condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

The medical record does not reveal the existence of more severe functional limitations than those presented to the vocational expert. The plaintiff was treated at Lonesome Pine Hospital in May of 2003 for removal of sutures. (Tr. 98-116). No functional limitations were identified. Dr. Abdulkader Dahhan examined the claimant in August of 2003 and noted a history of pain in the lower back, hands, wrists, and shoulders. (Tr. 118). No swelling, redness, or acute inflammation was detected over any joint. (Tr. 118). Muscular atrophy, pathological reflexes or sensory impairment were also not found. (Tr. 118). A lumbar spine x-ray revealed muscle spasm, but no other abnormalities. (Tr. 119). The physician did not identify any restrictions. (Tr. 117-121). Dr. Gary Higgason (Tr. 122) and Dr. Timothy Gregg (Tr. 122) each reviewed the record and neither thought that it revealed a "severe" impairment. The claimant was seen at Appalachian Regional Healthcare in October of 2004 for removal of sutures in the left leg following a motor vehicle accident. (Tr. 131). Urinalysis was negative and an MRI of the right shoulder was requested. (Tr. 132). No functional limitations were reported. The MRI Scan of the right shoulder was performed at Lonesome Pine in November of 2004 and revealed no acute changes of the soft tissue structures, an intact rotator cuff tendon, and no acute

6

bony lesions. (Tr. 133). Treatment records from Lonesome Pine at this time also do not indicate the existence of more severe functional limitations than those found by the ALJ. (Tr. 126-129). Therefore, these reports provide substantial evidence to support the administrative decision.

Cockrel asserts that the medical records pertaining to his 2004 motor vehicle accident at least support a claim for a remand of the action for further consideration of these injuries. The Court notes that the plaintiff had the burden of coming forward with sufficient evidence to prove his claim of disability. As previously noted, the October and November, 2004 medical records do not identify the existence of more severe restrictions than those presented to the vocational expert. Therefore, these records do not support his claim.

The Court notes that Cockrel submitted additional medical evidence directly to the Appeals Council which was never seen by the ALJ. This action raises an issue concerning a remand for the taking of new evidence before the Commissioner. Cotton v. Sullivan, 2 F.3d 692 (6th Cir. 1993).

A court may order additional evidence be taken before the Commissioner, "...but only upon a showing that there is new evidence to be taken which is material and there is good cause for the failure to incorporate such evidence into the record in a prior proceeding..." 42 U.S.C. Section 405(g). It is obvious that such evidence must be reviewed (if at all) by the administrative agency, rather than by the court of first instance. The statute provides that a claimant must prove that the additional evidence is both material and that good cause existed for its not having been submitted at an earlier proceeding. Sizemore v. Secretary of Health and Human Services, 865 F.2d 709, 710 (6th Cir. 1988). In order to demonstrate "materiality," a claimant must show that a reasonable probability exists that the Commissioner would have reached a different

7

conclusion if originally presented with the new evidence. <u>Sizemore</u>, 865 F.2d at 711. Thus, the new evidence must be material and good cause must be shown why it was not previously submitted.

The medical records with which Cockrel seeks a remand of the action consist of treatment notes from a Dr. Mark Russ dated between January and February of 2005. (Tr. 151-152). Clearly, this evidence was compiled after the ALJ's final decision was issued on December 8, 2004. The plaintiff has offered no explanation as to why such or similar evidence was not obtained prior to the issuance of ALJ's decision. While the records were not in existence at the time of this decision, such, by itself, does not satisfy the "good cause" test and a valid reason for failure to obtain the evidence must still be shown. <u>Oliver v. Secretary of Health and Human Services</u>, 804 F.2d 964, 966 (6th Cir. 1986). Dr. Russ' notes do not report the existence of more severe functional limitations than found by the ALJ and, so, cannot be considered to be "material." Therefore, the claimant has failed to meet either the "good cause" or "materiality" requirements and a remand for the taking of new evidence is not appropriate.

After a review of the evidence presented, the undersigned concludes that the administrative decision should be affirmed. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the /5 day of February, 2006.

*[signature]*
G. WIX UNTHANK
SENIOR JUDGE

8